

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1 AMINA ABBAS,

Defendant.
_____/

Case: 2:21-cr-20103
Judge: Steeh, George Caram
MJ: Patti, Anthony P.
Filed: 02-10-2021 At 03:06 PM
INDI USA V AMINA ABBAS (LG)

VIO: 18 U.S.C. § 641
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The CARES Act Provider Relief Fund

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency assistance to the millions of Americans suffering due to the COVID-19 pandemic.

2. The CARES Act appropriated moneys to help health care providers ("Providers") that were financially impacted by COVID-19, as well as to provide care to patients who were suffering from COVID-19 and compensate providers for

the cost of that care (hereinafter, the "Provider Relief Fund"). The United States Department of Health and Human Services ("HHS"), through its agency, the Health Resources and Services Administration ("HRSA"), oversaw and administered the Provider Relief Fund.

3. In order to rapidly provide funding to Providers during the pandemic, HRSA distributed payments under the CARES Act Provider Relief Fund ("Provider Relief Fund Payment" or "Payment") to Providers who (a) billed Medicare fee-for-service (Parts A or B) in Calendar Year 2019; (b) provided after January 31, 2020 diagnoses, testing, or care for individuals with possible or actual cases of the coronavirus; (c) were not currently terminated from participation in Medicare or precluded from receiving payment through Medicare Advantage or Part D; (d) were not currently excluded from participation in Medicare, Medicaid, and other Federal health care programs; and (e) did not currently have Medicare billing privileges revoked. Providers meeting these criteria automatically received the Provider Relief Fund Payment and did not have to apply for the funding, but were required to comply with the terms and conditions of the Provider Relief Fund if they retained such funding.

### Terms and Conditions of Provider Relief Payment

4. Provider Relief Fund recipients attested to their compliance to the terms

and conditions in two ways. First, Provider Relief Fund recipients were notified that they could submit an attestation through an online portal confirming receipt of the funds and agreeing to the terms and conditions of the payment ("Terms and Conditions"). Second, recipients were notified that if they kept the money for a period that exceeded 90 days from receipt that they were deemed to have accepted the Terms and Conditions of the Provider Relief Fund.

5. Providers who attested to the Terms and Conditions acknowledged that their commitment to full compliance with the terms and conditions was material to the HHS Secretary's decision to disburse Provider Relief Fund Payments to them. Providers further acknowledged that non-compliance with any Term or Condition could cause the HHS Secretary to recoup some or all of the Payment.

6. Providers who attested to the Terms and Conditions certified that after January 31, 2020, they provided diagnoses, testing, or care for individuals with possible or actual cases of COVID-19.

7. Providers who attested to the Terms and Conditions also certified that the Payment would only be used to prevent, prepare for, and respond to coronavirus, and that the Payment would reimburse the recipient only for health care related expenses or lost revenues that were attributable to coronavirus.

8. Providers who attested to the Terms and Conditions also certified that

all information provided relating to the Payment was true, accurate and complete and that any deliberate omission, misrepresentation, or falsification of any information was punishable by, inter alia, criminal penalties, including but not limited to imprisonment.

9. Providers who attested to the Terms and Conditions also certified that they would maintain appropriate records and cost documentation to substantiate the reimbursement of costs under the disbursement.

## The Defendant and Relevant Entities

10. 1 on 1 Home Health, LLC ("1 on 1") was a home health agency that previously operated in La Porte, Indiana, in La Porte County, in the Northern District of Indiana.

11. Defendant AMINA ABBAS, a resident of Wayne County, in the Eastern District of Michigan, was the owner of 1 on 1 and the sole signatory on the bank account for 1 on 1 ("1 on 1 Account").

## Manner and Means

12. In or around January 2020, AMINA ABBAS notified employees that 1 on 1 would be closing effective on or about January 31, 2020, after Medicare issued an overpayment demand to 1 on 1 for $1,619,967.08 and determined that 1 on 1 was submitting claims for patients who did not qualify for home health services and

billing for services that were not reasonable or medically necessary.

13. On or about February 14, 2020, AMINA ABBAS and others ceased submitting claims to Medicare on behalf of 1 on 1.

14. On or about March 6, 2020, after 1 on 1 had ceased treating patients, the first known coronavirus case in the state of Indiana was diagnosed.

15. On or about March 27, 2020, AMINA ABBAS submitted a notice of closure to the Indiana Department of Health and directed all future written correspondence be sent to a residential address in the Eastern District of Michigan, the address listed on AMINA ABBAS' personal bank records.

16. On or about March 27, 2020, AMINA ABBAS submitted a notice of voluntary termination to Medicare and directed all future written correspondence be sent to a residential address in the Eastern District of Michigan, the same address listed on AMINA ABBAS' personal bank records.

17. On or about April 17, 2020, $37,656.95 from the Provider Relief Fund was deposited into the 1 on 1 Account.

18. Upon the Provider Relief Fund Payment being deposited into the 1 on 1 Account, and despite knowing that no diagnoses, testing, or care was provided to individuals with possible or actual cases of COVID-19 after January 31, 2020, and that the Payment would not be used to prevent, prepare for, and respond to

coronavirus or for health care related expenses or lost revenues that were attributable to coronavirus, AMINA ABBAS issued a series of checks from the 1 on 1 Account to her family members in the Eastern District of Michigan:

| Recipient | Amount | Approx. Date on Check | Approx. Date Deposited | Check No. |
|---|---|---|---|---|
| F.A. | $9,892.50 | 4/17/2020 | 4/17/2020 | 2424 |
| N.M. | $7,890.41 | 4/18/2020 | 4/20/2020 | 2425 |
| F.A. | $9,928.69 | 4/18/2020 | 4/20/2020 | 2426 |
| F.A. | $8,448.50 | 4/21/2020 | 4/21/2020 | 2427 |

19. On or about May 2, 2020, AMINA ABBAS submitted or caused to be submitted a false and fraudulent provider relief attestation that agreed that 1 on 1 would use the Provider Relief Fund Payment for the diagnoses, testing, or care of individuals with possible or actual cases of COVID-19 after January 31, 2020.

## COUNT 1
### Theft of Public Money, Property, or Records
### (18 U.S.C. § 641)

20. Paragraphs 1 through 19 of the General Allegations in this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. From on or about April 17, 2020, and continuing through on or about May 2, 2020, in Wayne County, in the Eastern District of Michigan, and elsewhere, AMINA ABBAS did knowingly and willfully embezzle, steal, purloin, and convert to her own use or the use of another money or a thing of value greater than $1,000

from the United States Department of Health and Human Services. That is, AMINA ABBAS unlawfully caused the United States Department of Health and Human Services to wrongfully disburse approximately $37,656.95 from the Provider Relief Fund, which she converted to her own use and the use of her family members, rather than in conjunction with pandemic relief efforts.

All in violation of Title 18, United States Code, Sections 641 and 2.

## NOTICE OF FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to AMINA ABBAS that upon conviction of Count 1 of this Indictment, all property, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture. The property subject to forfeiture includes but is not limited to a money judgment in the amount of $37,656.95.

THIS IS A TRUE BILL.

s/*Grand Jury Foreperson*
Grand Jury Foreperson

SAIMA S. MOHSIN
Acting United States Attorney

REGINA MCCULLOUGH
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9618
regina.mccullough@usdoj.gov

JACOB FOSTER
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Eighth Floor

Washington, D.C. 20005
(202) 615-6521
jacob.foster@usdoj.gov

/s/ *EMILY M. GURSKIS*
EMILY M. GURSKIS
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Eighth Floor
Washington, D.C. 20005
(202) 203-9186
emily.gurskis@usdoj.gov

Date: February 10, 2021

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case: 2:21-cr-20103<br>Judge: Steeh, George Caram<br>MJ: Patti, Anthony P.<br>Filed: 02-10-2021 At 03:06 PM<br>INDI USA V AMINA ABBAS (LG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it

### Companion Case Information

| | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: *EMG* |

**Case Title:** USA v. Amina Abbas

**County where offense occurred:** Wayne

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

✓ Indictment/____Information --- **no prior complaint.**
____Indictment/____Information --- based upon prior complaint [Case number:            ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

### Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

February 10, 2021
Date

*Emily Gurskis* (signature)
Emily Gurskis, Trial Attorney
1400 New York Ave, Washington DC 20005
Phone: (202) 203-9186
Fax:     (313) 226-0816
E-Mail address: Emily.Gurskis@usdoj.gov
Attorney Bar #: DC#1023711

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.